No. 03-650

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 16N

JERRY LEE LANTIS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Respondent.

APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and For the County of Cascade, Cause No. ADC-96-034(C)
                    Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jerry Lee Lantis, Pro Se, Glendive, Montana

      For Respondent:

      Honorable Mike McGrath, Attorney General; Jennifer Anders, Assistant
      Attorney General, Helena, Montana

      Brant S. Light, County Attorney, Great Falls, Montana

Submitted on Briefs:  July 20, 2004

Decided:  February 1, 2005

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Jerry Lee Lantis (Lantis) appeals from the order entered by the District Court dismissing his petition for postconviction relief.  We affirm.

¶3      Lantis was convicted of deliberate homicide by accountability in November 1996, following a jury trial, and was sentenced in January 1997.  He appealed to this Court, which affirmed the conviction in *State v. Lantis*, 1998 MT 172, 289 Mont. 480, 962 P.2d 1169, which was issued on July 15, 1998.

¶4      Over four years later, on January 21, 2003, Lantis filed a petition for postconviction relief with the Eighth Judicial District Court.  On August 18, 2003, the District Court issued an order denying the petition on the grounds that the petition was untimely, and further, that the petition offered mere speculative assertions which did not satisfy the statutory pleading requirements for a postconviction relief proceeding.  Lantis appeals therefrom.

¶5      Lantis extensively argues in his appellant's brief that he received ineffective assistance of counsel.  In his reply brief, he responds to the State's time bar argument by summarily asserting that his petition should be permitted pursuant to the "miscarriage of

justice" exception to the postconviction time bar. He offers no new evidence which would establish his innocence and satisfy the exception.

¶6     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. This matter is clearly time-barred. The post-conviction time bar is a jurisdictional limitation on litigation. *Pena v. State*, 2004 MT 293, ¶ 35, 323 Mont. 347, ¶ 35, 100 P.3d 154, ¶ 35.

¶7     We affirm the judgment of the District Court.


                                            /S/ JIM RICE

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART